UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                         :

IN RE ADELPHIA COMMUNICATIONS      :
CORPORATION SECURITIES AND         :
DERIVATIVE LITIGATION                 :
                                           :
-------------------------------------------------------------------X
                                           :

This Document Relates to:                 :
Consolidated Class Action Complaint (Nos.  :
03-CV-5755; 03-CV-5756; 03-CV-5757; 03-CV-5758;  :
03-CV-5759; 03-CV-5761; 03-CV-5762; 03-CV-5763;  :
03-CV-5764; 03-CV-5765; 03-CV-5766; 03-CV-5768;  :
03-CV-5769; 03-CV-5771; 03-CV-5774; 03-CV-5775;  :
03-CV-5776; 03-CV-5778; 03-CV-5780; 03-CV-5781;  :
03-CV-5783; 03-CV-5784; 03-CV-5785; 03-CV-5786;  :
03-CV-5787; 03-CV-5790; 03-CV-5791; 03-CV-5792)  :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _06/24/2013_

03 MDL 1529 (JMF)

**ORDER
PRELIMINARILY
APPROVING
FINAL SETTLEMENT
AND PROVIDING FOR
NOTICE**

JESSE M. FURMAN, United States District Judge:

      WHEREAS, a putative class action (the "Class Action") is pending in this Court as part

of a consolidated action styled *In re Adelphia Communications Corporation Securities and*

*Derivative Litigation*, Civil Action No. 03 MD 1529; and

      WHEREAS the parties, having made application pursuant to Rule 23 of the Federal Rules

of Civil Procedure for an Order approving Settlement of the Class Action, in accordance with a

Stipulation and Agreement of Settlement dated as of May 15 , 2013 (the "Stipulation"), which,

together with the Exhibits annexed thereto and the Supplemental Agreement identified to the

Court pursuant to Rule 23(e)(3), sets forth the terms and conditions for a proposed Settlement of

the Class Action and for dismissal of the Class Action and the Released Claims against

Adelphia's legal counsel defendant Buchanan Ingersoll & Rooney PC (formerly known as

Buchanan Ingersoll P.C.) ("Buchanan"); and the Court having read and considered the

Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED

1. The Court certifies the Settlement Class for settlement purposes only. The Court finds that the prerequisites to a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the proposed Lead Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) Lead Plaintiffs' Counsel have fairly and adequately represented the interests of the Settlement Class; (f) questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. The Court preliminarily approves the Stipulation and the Settlement set forth therein as being fair, just, reasonable and adequate as to Settlement Class Members and in the best interests of the Class, subject to notice to the Settlement Class and further consideration at the Fairness Hearing described below.

3. A hearing (the "Fairness Hearing") shall be held before this Court on **November 1, 2013**, at **11:00 a.m.**, in **Courtroom 1105** of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York 10007, to determine: (a) whether the proposed Settlement of the Class Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate as to the Class and should be approved by the Court; (b) whether a

Judgment as provided for in the Stipulation should be entered herein, (c) the amount of fees and expenses that should be awarded to Lead Plaintiffs' Counsel; (d) whether the Plan of Allocation proposed by Lead Plaintiffs should be approved by the Court; and (e) whether the Class Action should be dismissed on its merits with prejudice and without costs as against Buchanan and the Released Persons as provided in the Stipulation. The Court may adjourn the Fairness Hearing without further notice to Members of the Class.

4. The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action (the "Notice"), the Summary Notice and the Proof of Claim and Release Form ("Proof of Claim and Release") substantially in the forms annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in paragraphs 5 and 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Lead Plaintiffs' Counsel are hereby authorized to retain the firm of Valley Forge Administrative Services ("Claims Administrator") to supervise and administer the notice procedure, file tax returns and process claims as more fully set forth below:

(a) Within ten (10) business days of the date of this Order, the Claims Administrator shall update the existing settlement website available to the public with the Stipulation, the Notice and any other publicly filed documents Lead Plaintiffs' Counsel shall deem appropriate;

(b) Within fourteen (14) days of the date of this Order (the "Notice Date"), Lead Plaintiffs' Counsel shall cause a copy of the Notice and the Proof of Claim and Release,

substantially in the forms annexed as Exhibits A-1 and A-3 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort by Lead Plaintiffs' Counsel;

(c) Within fourteen (14) days of the date of this Order, Lead Plaintiffs' Counsel shall cause the Summary Notice annexed as Exhibit A-2 hereto to be published once in the national edition of *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(d) At least seven (7) calendar days prior to the Fairness Hearing, Lead Plaintiffs' Counsel shall serve on Buchanan's counsel and file with the Court proof, by affidavit or declaration, of the mailing and publishing of the Notice required herein.

6. Nominees who purchased securities of Adelphia for the benefit of another Person during the period between August 16, 1999, and June 10, 2002, inclusive, shall be requested to send the Notice and the Proof of Claim and Release to all such beneficial owners and shall, within ten (10) business days after receipt thereof, either (1) send a list of the names and addresses of such beneficial owners to the Claims Administrator, or (2) request from the Claims Administrator additional copies of the Notice and Proof of Claim and Release and within seven (7) days mail the Notice and Proof of Claim and Release to such beneficial owners. If a nominee chooses to follow alternative procedure (2), such nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed.

7. Any Person falling within the definition of the Class who desires to request exclusion from the Class shall do so by mailing or delivering by hand a written notice of exclusion in the form set forth in the Notice to the Claims Administrator postmarked no later than twenty (20) days before the Fairness Hearing. Within three (3) business days of receipt by the Claims

Administrator of any request for exclusion, the Claims Administrator shall provide copies of such request to Lead Plaintiffs' Counsel and Buchanan's Counsel. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth herein and in the manner described in the Notice.

8. Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein. **If a Settlement Class Member previously submitted a Proof of Claim Form and Release in connection with a prior settlement in this Consolidated Class Action that was not rejected, there is no need to submit another proof of claim form.** Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked or delivered by hand to the Claims Administrator no later than forty-five (45) days after the Fairness Hearing. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be forever barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall be bound by all of the terms of the Stipulation and Settlement, including the terms of the Judgment to be entered and the releases provided for therein, and shall be deemed to have and by operation of the Judgment shall have fully, finally and forever released, relinquished and discharged, and thereby be barred and enjoined from asserting any Released Claims against, Buchanan and the Released Persons or bringing any actions against the Released Persons concerning the Released Claims.

9. All Members of the Class shall be bound by all determinations and judgments in the Class Action concerning the Stipulation and the Settlement, including, but not limited to, the terms of the Judgment to be entered and the releases provided for therein, whether favorable or unfavorable to the Class.

10. Any Members of the Class may enter an appearance in the Class Action, at their own expense, individually or through counsel of their own choice.  If any Class Member chooses to retain its own counsel, such counsel must file an appearance on the Class Member's behalf and serve a copy postmarked or delivered by hand to Lead Plaintiffs' Counsel and Buchanan's counsel no later than twenty (20) calendar days prior to the date of the Fairness Hearing.  If they do not enter an appearance, they will be represented by Lead Plaintiffs' Counsel.

11. All proceedings against Buchanan in the Class Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither the Plaintiffs, the Lead Plaintiffs nor any Class Member, either directly, representatively or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.  This injunction shall not apply with respect to the Individual Actions set forth in the Stipulation.

12. Any Member of the Class may appear and show cause, if he, she or it has any reason why the Stipulation and Settlement (and the releases contained therein) should or should not be approved or a judgment entered thereon, why the proposed Plan of Allocation should or should not be adopted or why the attorneys' fees and the reimbursement of expenses should or should not be awarded to Lead Plaintiffs' Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest any of the above enumerated matters unless such Class Member follows the procedures set forth in the Notice.  No later than twenty (20) days prior to the Fairness Hearing, written objections, papers and briefs must be filed with the Clerk of the United States District Court for the Southern District of New York, with copies postmarked or delivered by hand by that date to:

Arthur N. Abbey
Judith L. Spanier
Richard B. Margolies
ABBEY SPANIER, LLP
212 East 39th Street
New York, NY 10016

-and-


Mark A. Strauss
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

**Lead Plaintiffs' Counsel**

-and-

For Buchanan:

William M. Wycoff
J. Alexander Hershey
Clark Hill Thorp Reed
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219

John Leathers
Buchanan Ingersoll & Rooney PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410

13. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Stipulation and proposed Settlement, the Plan of Allocation, the award of attorneys' fees and expenses to Lead Plaintiffs' Counsel, the Judgment to be entered and the releases provided therein unless otherwise ordered by the Court.

14. Any Plan of Allocation of the Settlement Fund including, but not limited to, any adjustments to any Authorized Claimant's claim or application for Lead Plaintiffs' Counsel's fees and expenses is not a part of the Stipulation of Settlement or this Preliminary Order and will be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation or Lead Plaintiffs' Counsel's fees and expenses shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement herein or any other order entered pursuant to the Stipulation. Neither Buchanan nor the Released Persons participated in drafting, creating or negotiating the Plan of Allocation.  Any order or proceedings relating to the Plan of Allocation or application for Lead Plaintiffs' Counsel's fees and expenses, or any appeal herefrom or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation or affect or delay the finality of the Judgment and the Settlement of the Class Action.

15. In no event will Buchanan, the other Released Persons, their Insurers, or their counsel have responsibility for, interest in or liability whatsoever to any Person, including, without limitation, to any Settlement Class Members, the Settlement Class, Claimants, Authorized Claimants, Lead Plaintiffs or Lead Plaintiffs' Counsel with respect to the Settlement Amount (except as stated in paragraph 16 hereof), any investment or distribution of the Settlement Fund, the proposed or actual Plan of Allocation, the determination, administration or calculation of claims, final awards and supervision and distribution of the Settlement Fund as set forth in the Stipulation or any application for attorneys' fees and reimbursement of expenses, the payment or withholding of taxes or any losses incurred in connection with any such matters; and any Person,

including, without limitation, the Settlement Class Members, the Settlement Class, Claimants, Authorized Claimants, Lead Plaintiffs and Lead Plaintiffs' Counsel, shall have no claims against the Released Persons or their counsel in connection therewith. The Released Persons shall have no responsibility for and no liability whatsoever with respect to the Settlement. In no event will Buchanan, the other Released Persons, their Insurers, or their counsel be responsible for payment of any amount except the Settlement Amount that they agreed to pay in the Stipulation.

16. In the event that the Stipulation should terminate, or be cancelled, or otherwise fail to become effective for any reason, or the Effective Date does not occur as provided in the Stipulation, including without limitation in the event that the Judgment is reversed, modified or vacated following any appeal taken therefrom, then the parties to the Stipulation shall be deemed to have reverted to their respective status in the Class Action as of the date of the Stipulation, and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by Buchanan or the Insurers, together with any interest earned thereon, less any taxes due with respect to such interest earned; and less reasonable costs of Administration and Notice actually incurred pursuant to the terms of this Stipulation or as to which a legal obligation to pay has been incurred as of the date of such termination, shall be returned to Buchanan and the Insurers in proportion with their respective contributions to the Settlement Fund, as set forth in paragraph 1(ee) of the Stipulation, within ten (10) days after written notification of such event by Buchanan and the Insurers to the Escrow Agent with a copy of such notice to Lead Plaintiffs' Counsel. The parties shall abide by any summary orders of the Court with respect to the return of funds to Buchanan or the Insurers. Neither Lead Plaintiffs nor

Lead Plaintiffs' Counsel shall oppose or object to the return of the Gross Settlement Fund pursuant to the terms of the Stipulation or to entry or an order, if necessary, to return the Gross Settlement Fund to Buchanan or the Insurers.

17. The transfer of the Settlement Amount to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Lead Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Gross Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

18. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further Order(s) of the Court.

19. The Escrow Agent, or its authorized agent, the Claims Administrator, is authorized and directed to prepare any tax returns to be filed on behalf of or in respect of the Gross Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

20. Buchanan shall not have any responsibility for any application for attorneys' fees or reimbursement of expenses submitted by Lead Plaintiffs' Counsel.

21. At or after the Fairness hearing, the Court shall determine whether any application for attorneys' fees or reimbursement of expenses shall be approved.

22. All reasonable costs incurred in identifying and notifying class members, as well as in administering the Gross Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court or otherwise fails to become effective, neither

the Lead Plaintiffs nor any of their counsel shall have any obligation to repay to Buchanan or their Insurers the reasonable and actual costs of class notice and of administration.

23. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Members of the Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

24. Papers in support of the Settlement, any proposed plan of allocation submitted to the Court for approval and Lead Counsel's application, if any, for attorneys' fees and payment of expenses shall be submitted on or before forty (40) calendar days before the Fairness Hearing. **By that same date, Lead Counsel shall submit to the Court for *in camera* review and filing under seal the Supplemental Agreement referenced in paragraph 29 of the Stipulation and Agreement of Settlement.** All papers in response to Class Members' objections to the Settlement shall be filed and served **ten (10)** calendar days before the Fairness Hearing.

25. The parties are further ordered to comply with the notice requirements set forth in Section Three of the Class Action Fairness Act (CAFA) and codified at Title 28, United States Code, Section 1715(b).

The Clerk of Court is directed to terminate the Motion for Preliminary Approval. (MDL Docket No. 811).

SO ORDERED.

Dated: June 24, 2013
      New York, New York

                                         JESSE M. FURMAN
                                    United States District Judge

EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ADELPHIA COMMUNICATIONS CORPORATION SECURITIES AND DERIVATIVE LITIGATION | 03 - MD - 1529 (JMF)<br><br>Civil Case No.: 03 Civ. 5785 |

## NOTICE OF PENDENCY AND PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure, Rule 408 of the Federal Rules of Evidence and an Order of the United States District Court for the Southern District of New York (the "Court").

This Notice provides you with important information in connection with the partial resolution (the "Settlement") of certain claims in a lawsuit by a Class of purchasers ("Plaintiffs" or the "Class", as described in further detail below) of securities issued by Adelphia Communications Corporation or its subsidiaries ("Adelphia" or the "Company"). The Settlement resolves Plaintiffs' claims against Adelphia's legal counsel defendant Buchanan Ingersoll & Rooney PC (formerly known as Buchanan Ingersoll P.C.) ("Buchanan" or the "Settling Defendant"). Your rights will be affected by this Notice and the Settlement that it describes, so you should read this Notice carefully.

> **If you purchased or otherwise acquired Adelphia Securities (described below) between August 16, 1999, and June 10, 2002, inclusive (the "Class Period"), you may be entitled to receive a payment from this Settlement.**

> The Court will hold a Fairness Hearing at ____ _.m. on _____, at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York, 10007. At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate and in the best interests of the Class.

> *A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The Settlement resolves certain claims asserted against Buchanan pursuant to the federal securities laws in a Class Action for damages incurred by the Class in connection with their transactions in Adelphia Securities. This is the last partial settlement in this Class Action. If the

**QUESTIONS? CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim. The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

_____

Court finally approves this Settlement, and all appeals are final, this action will be finally and forever resolved.

- The Settlement consists of twelve million dollars ($12,000,000) in cash (the "Settlement Fund"). The recovery is explained in greater detail below.

- Lead Plaintiffs have already recovered approximately $460 million from other defendants in prior settlements in this case.

- Regardless of whether you participated in or opted out of the "Prior Settlements," you may choose to participate in this Settlement or to opt out of it.

- The law firms of Abbey Spanier, LLP and Kirby McInerney LLP ("Lead Plaintiffs' Counsel") will apply to the Court for an award of attorneys' fees from the Settlement Fund not to exceed 21.4% thereof, and reimbursement of expenses of no greater than $40,000 (plus interest on such amounts at the same rate earned by the Settlement Fund) or an average of $0.015 per share of stock and $0.173 per bond. Lead Plaintiffs' Counsel have litigated this Class Action for nine years on a contingent fee basis, and have advanced all the expenses of litigation, with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation.

- Your legal rights are affected whether you act or don't act, so please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM AND RELEASE FORM POSTMARKED BY _____, 2013.** | This is the only way to be eligible to receive any portion of the Settlement Fund. **If you previously submitted a proof of claim in the prior settlements in this Litigation, and that claim was accepted, you need not file a new proof of claim.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN _____, 2013.** | This is the only option that allows you to ever file or be part of any other lawsuit against Buchanan about the claims asserted by the Class. You will not receive any portion of the recovery from the Settlement Fund if you select this option. Regardless of whether you excluded yourself from any prior settlement, you may exclude yourself from the Settlement. The requirements to exclude yourself are described below. |
| **OBJECT BUT REMAIN IN THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER** | Write to the Court about why you don't like the Settlement. The requirements to object are described below. |

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT www.adelphiasettlement.com**

**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim. The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

| | |
|---|---|
| **THAN _____, 2013.** | |
| **GO TO A FAIRNESS HEARING ON _____, 2013] AT ___:___ [a./p.]m. AND FILE A NOTICE OF INTENTION TO APPEAR POSTMARKED NO LATER THAN _____, 2013.** | The Fairness Hearing is open to the public.  You may ask in writing to speak to the Court at the hearing about the fairness of the Settlement.  If the Court approves the Settlement, you will be bound by the Court's Judgment whether or not you submit a Proof of Claim and Release form or receive any money from the Settlement. |
| **DO NOTHING.** | Receive no payment.  Give up your right to file your own or participate in any other lawsuit against Buchanan concerning the claims asserted by the Class. |

- These rights and options and deadlines to exercise them are explained further in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments to eligible claimants in the Settlement will be made only if and when the Court approves the Settlement, after any and all appeals are resolved, and after the claims processing procedure is complete.

### Statement of Plaintiffs' Recovery

Lead Plaintiffs (defined in question C on page ___) estimate that approximately 198 million shares of Adelphia stock and 6.8 billion dollars worth of Adelphia debt securities were purchased and/or acquired during the period from August 16, 1999, to June 10, 2002, inclusive, and devalued as a result of the purported acts or omissions alleged in the Consolidated Class Action Complaint dated December 22, 2003 (the "Complaint").  Lead Plaintiffs estimate that the average recovery per share of Adelphia common stock under the Settlement will be $0.068 per share and that the average recovery for Adelphia debt securities will be $0.796 per bond before the deduction of attorneys' fees, costs and expenses, as approved by the Court. The actual recovery per damaged share or debt security will depend on a variety of factors, including: (1) the number of claims filed; (2) when members of the Class ("Class Members") purchased or acquired their shares or debt securities during the Class Period; (3) whether Class Members sold their Securities during the Class Period or held their Securities past the end of the Class Period; (4) administrative costs, including the costs of notice; (5) the number of Class Members who decide to exclude themselves from the Settlement; and (6) the amount awarded by the Court for attorneys' fees, costs and expenses.  Distributions to Class Members will be made based on the Plan of Allocation set forth at the end of this Notice.

### The Status of the Claims Against Buchanan in the Class Action

The Judge currently presiding over this case is the Honorable Jesse M. Furman of the United States District Court for the Southern District of New York.  The Class Action is part of the case known as *In re Adelphia Communications Corporation Securities and Derivative Litigation*, Civil Action No. 03

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

MD 1529.  The people who brought the lawsuits are called plaintiffs, and the persons and entities they sued are called defendants.

In their Complaint, Lead Plaintiffs alleged that during the Class Period Adelphia's financial statements materially understated the total amount of Adelphia's debt, overstated Adelphia's equity capital, misrepresented the Company's capital structure and concealed its sources of funds.  The Lead Plaintiffs alleged that, during the Class Period, Buchanan acted as legal counsel to Adelphia, was responsible for reviewing Adelphia's misleading prospectuses, registration statements, and financial statements, and provided materially misleading expert legal opinions.  The Lead Plaintiffs alleged that this conduct artificially inflated the prices of Adelphia securities.  The Lead Plaintiffs further alleged that once the truth was disclosed, Adelphia's stock declined in value, thereby injuring the Lead Plaintiffs and the Class.

Buchanan has denied and continues to deny each and all of the claims and contentions alleged in the Class Action, including all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Class Action.  Buchanan also has denied and continues to deny, inter alia, any allegations that the Lead Plaintiffs or the Class have suffered damage or that the Lead Plaintiffs or the Class were harmed by the conduct alleged in the Class Action.

On March 8, 2004, Buchanan, along with many other defendants, filed motions to dismiss the claims of the Lead Plaintiffs and the Class.

Since September 2006, Lead Plaintiffs, along with other parties and other defendants, have participated in several mediation sessions with the Honorable Daniel Weinstein, a retired judge who was approved by the Court to aid the parties in reaching a settlement.  The Court has already approved three partial settlements of the claims in this case which total approximately $460,000,000.

On October 9, 2006, Lead Plaintiffs and Buchanan, along with other plaintiffs, in the ADR Actions participated in a mediation session with Judge Weinstein.  At that initial meeting, Judge Weinstein and Buchanan informed Lead Plaintiffs and other individual plaintiffs that Buchanan had secured the agreement of its insurance carriers to pay a total of forty million dollars ($40,000,000) to fund an equitable allocation process to settle Lead Plaintiffs and other individual plaintiffs' claims against Buchanan.  Judge Weinstein proposed a plan where pursuant to an ADR Allocation Process (defined below) he would determine each of the plaintiffs' equitable apportionment to the $40,000,000 global settlement fund.

Thereafter, Lead Plaintiff and other individual plaintiffs had periodic discussions with Judge Weinstein regarding the proposed ADR Allocation Process.

On March 22, 2011, Lead Plaintiffs and Buchanan, along with other plaintiffs in the ADR Actions (as defined in the Stipulation and Agreement of Settlement, dated May 15, 2013 (the "Stipulation")), participated in another mediation session with Judge Weinstein.  At that meeting all of the parties preliminarily agreed to participate in the ADR Allocation Process (as defined in the Stipulation).

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

_____

4

After months of negotiations with Judge Weinstein and Buchanan, in August 2012, the plaintiffs in the ADR Actions entered into a Binding ADR Agreement (as defined in the Stipulation).

Between August 2012 and September 2012 the plaintiffs in the ADR Actions submitted several rounds of briefing and made oral presentations to Judge Weinstein regarding the equities of the ADR Allocation Process.

On November 20, 2012, Judge Weinstein issued his decision in the ADR Allocation Process.

In December 2012, Lead Plaintiffs and Buchanan held meetings with Judge Weinstein regarding his decision on the allocation to the Class in the ADR Allocation Process.

On or about January 15, 2013, after extensive additional negotiations between Lead Counsel and Buchanan, under the auspices of Judge Weinstein, Buchanan agreed to increase the settlement consideration to the Class.  The additional consideration that Buchanan agreed to pay to the Class was in addition to the Class's allocation in the ADR Allocation Process.  The parties thereby reached the agreement that led to the Settlement, which is separately set forth in greater detail in the Stipulation.

### The Circumstances of the Settlement with Buchanan

Buchanan and the Lead Plaintiffs disagree as to the probable outcome of the Class Action with respect to liability.  The issues on which the Parties disagree with respect to liability include, without limitation: (1) whether Buchanan made any materially false or misleading statements during the Class Period; (2) in the event that Lead Plaintiffs can establish that Buchanan made any false or misleading statements, whether Lead Plaintiffs can also prove that Buchanan acted with fraudulent intent in doing so; and (3) the impact, if any, that any alleged false or misleading statements had on the market price of Adelphia securities and common stock during the relevant period.  Buchanan asserts that it was prepared to establish that the price of Adelphia securities and common stock declined in value for reasons not related to the allegations at issue in the Class Action.  While the Class was prepared to go to trial against Buchanan, and Lead Plaintiffs' Counsel were confident in the merits of their case, they recognize that a trial is a risky proposition and that the Class may not have prevailed on all or any of its claims.  Buchanan was ready to defend its conduct at trial, presenting several defenses.  While Lead Plaintiffs believe they had a strong case, Lead Plaintiffs believe that these defenses would have created uncertainty as to Lead Plaintiffs' ability to win at trial or after appeals.

Buchanan and the Lead Plaintiffs also disagree as to the probable outcome of the Class Action with respect to damages and the average amount of damages per share of Adelphia debt securities and common stock that would be recoverable if Lead Plaintiffs were to prevail in the Class Action. Buchanan denies that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly denies any and all allegations of fault, liability, wrongdoing or damages whatsoever.  The issues on which the Parties disagree with respect to damages, even assuming that Lead Plaintiffs were to prevail on all liability issues, including, without limitation: (1) the appropriate economic methodology for determining the amount by which Adelphia securities and common stock were allegedly artificially inflated (if at all) during the Class Period; (2) the amount by which Adelphia securities and common stock were allegedly artificially inflated (if at all) during the Class Period; and (3) the extent to which information that influence the trading prices

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

of Adelphia securities and common stock at various times during the Class Period corrected or otherwise related to the allegedly misleading statements that gave rise to Lead Plaintiffs' claims.

These disputes would be subject to expert testimony at summary judgment and trial, and, therefore, it is impossible to predict with certainty which arguments would find favor with the Court and the jury. Moreover, at the time the parties reached this Settlement, Lead Plaintiffs were still confronting Buchanan's outstanding motion to dismiss, changing law and case authority regarding primary liability for lawyers, and potential hurdles with class certification, discovery, summary judgment and trial. As a result, in a trial or through a summary judgment motion, the Class could recover substantially less than the amount of the Settlement or nothing. Lead Plaintiffs' Counsel have recommended the Settlement because they believe that the Settlement provides a substantial recovery to the Class and believe that the Class might have obtained a lesser recovery or nothing at all if the Class had gone to trial and through inevitable appeals.

### Further Information

Further information regarding this Settlement may be obtained by contacting: *In re Adelphia Communications Corporation Securities and Derivative Litigation:* Lead Plaintiffs' Counsel, Judith Spanier, Abbey Spanier, LLP, 212 East 39th Street, New York, NY 10016 and Mark Strauss, Kirby McInerney LLP, 825 Third Avenue, New York, NY 10022.

[END OF COVER PAGE]

---

| WHAT THIS NOTICE CONTAINS |
|---|

Page

BASIC INFORMATION ..................................................................................................X

   A.  Why did I receive this notice package? ......................................................X

   B.  What is a class action? ..................................................................................X

   C.  What is the history of this Class Action? ....................................................X

   D.  How do I know if I am a Class Member and can be part of the Settlement? .............X

   E.  Are there exceptions to being included in the Class? ................................X

   F.  I'm still not sure I am included. ....................................................................X

   G.  What does the Settlement provide? ..............................................................X

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim. The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

H.  How much will my payment be in the Settlement? ..................................................X

I.  How can I receive a payment in the Settlement? ...................................................X

J.  When will I receive my payment in the Settlement? ...............................................X

K.  What am I giving up to receive a payment in the Settlement?...................................X

L.  How do I exclude myself from the Settlement?.....................................................X

M.  If I don't exclude myself, can I sue Buchanan for the same thing later?....................X

N.  If I exclude myself, can I obtain a payment from the Settlement? ............................X

O.  Do I have a lawyer in this case?.........................................................................X

P.  How will the lawyers be paid?  How will the notice costs and expenses be paid?.....................X

Q.  How do I notify the Court that I don't like the Settlement?......................................X

R.  What is the difference between objecting and requesting exclusion?..........................X

S.  When and where will the Court decide whether to approve the Settlement? .............X

T.  Do I have to answer questions at the Fairness Hearing?..........................................X

U.  May I speak at the Fairness Hearing? ................................................................X

V.  What will happen if I do nothing at all?..............................................................X

W.  Are there more details about the Settlement? .....................................................X

X.  What are my rights and obligations as a securities broker or nominee?....................X

## BASIC INFORMATION

| A. | Why did I receive this notice package? |
|---|---|

The Court authorized this Notice to be sent to you because you or someone in your family may have purchased or acquired Adelphia Securities between August 16, 1999, and June 10, 2002, inclusive.  If the description above applies to you or someone in your family, you have a right to know about the proposed Settlement of the Class Action against Buchanan, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and any objections or appeals

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT
www.adelphiasettlement.com
If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

_____

that may be filed in opposition to the Settlement are overruled or otherwise resolved, then Valley Forge Administrative Services (the "Administrator") will distribute the payments that the Settlement permits. This notice package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

THE COURT HAS DIRECTED THAT NOTICE SHOULD BE GIVEN TO ALL CLASS MEMBERS TO INFORM THEM OF THE CLASS ACTION AND THEIR RIGHTS.  THE SENDING OF THIS NOTICE IS NOT AN EXPRESSION BY THE COURT OR THE PARTIES TO THE CLASS ACTION OF ANY OPINION AS TO THE MERITS OF ANY CLAIM OR DEFENSE OR THE LIKELIHOOD OF RECOVERY BY THE CLASS.  NOTICE IS BEING PROVIDED SO THAT ALL CLASS MEMBERS MAY MAKE A DECISION AS TO WHAT STEPS, IF ANY, THEY WISH TO TAKE AS THIS MATTER PROCEEDS.  NOTICE IS BEING SENT TO YOU BECAUSE RECORDS INDICATE THAT YOU MAY BE A CLASS MEMBER.

| B. | What is a class action? |
|---|---|

In a class action, one or more people and/or entities called Lead Plaintiffs sue on behalf of people and/or entities that have similar claims.  All these people and/or entities are referred to as a Class or individually as Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| C. | What is the history of this Class Action? |
|---|---|

Beginning in April 2002, over thirty individual and class actions were filed by purchasers of Adelphia debt and equity securities against Adelphia, its officers and directors, its outside counsel Buchanan, Adelphia's auditors Deloitte & Touche, and/or various of Adelphia's underwriters and lenders, the Banks.  Most of those actions were filed in the United States District Court for the Eastern District of Pennsylvania and were assigned to the Honorable Herbert Hutton.  Among the cases filed in the Eastern District of Pennsylvania were approximately thirty class actions asserting claims under the Securities Act of 1933 (the "Securities Act"), and/or the Securities Exchange Act of 1934 (the "Exchange Act").  In addition to the class actions, several individual actions were commenced by public pension funds and/or fund managers seeking to recoup losses on behalf of their funds.

On April 30, 2002, Judge Hutton entered an order consolidating the then pending actions filed in the Eastern District of Pennsylvania under the caption *In re Adelphia Communications Securities Litigation*, Master File No. 02 CV 1781, and providing for the consolidation of all later-filed actions.  On or about June 25, 2002, Adelphia and its subsidiaries filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court in the Southern District of New York. The Chapter 11 cases were assigned to the Hon. Robert E. Gerber and were jointly administered in the case styled *In re Adelphia Communications Corp., et al.*, Case No. 02-41729 (REG).

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

_____

Thereafter, by Order dated July 23, 2003, the class actions as well as certain individual actions against the same defendants were transferred by the Judicial Panel on Multi-District Litigation to the Southern District of New York before Judge Lawrence M. McKenna as *In re Adelphia Communications Corp. Securities & Derivative Litigation*, 03 MD 1529 (LMM).

On December 5, 2003, Eminence Capital, LLC, Argent Classic Convertible Arbitrage Fund L.P., Argent Classic Convertible Arbitrage Fund (Bermuda) L.P., Argent Lowlev Convertible Arbitrage Fund Ltd., UBS O'Conner LLC f/b/o UBS Global Equity Arbitrage Master Ltd. and UBS O'Conner LLC f/b/o UBS Global Convertible Portfolio (the "Lead Plaintiffs") were appointed as lead plaintiffs in the consolidated class actions and Abbey Gardy, LLP (n/k/a Abbey Spanier, LLP) and Kirby McInerney & Squire (n/k/a Kirby McInerney LLP) were appointed as Co-Lead Counsel ("Lead Plaintiffs' Counsel") in accordance with the federal securities laws.

On December 22, 2003, Lead Plaintiffs filed the Complaint, which alleges claims for violations of Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2) and 77o, and Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. §240.10b-5, the Trust Indenture Act of 1939 (the "Trust Indenture Act"), 15 U.S.C. §77jjj, 77mmm, 77ooo and 77www et seq. and state law against various defendants.

After filing the Complaint, on March 8, 2004, Buchanan, along with other defendants, moved to dismiss the Complaint. The Court has not yet ruled on several of the issues raised by the defendants' motions, but has partially granted and partially denied some of the motions.

On or about June 30, 2005, at the suggestion of Judge McKenna, various parties to the Class Action agreed to participate in mediation to resolve the pending litigation. The various parties selected the Hon. Daniel Weinstein, a retired judge, to serve as the mediator. Pursuant to the Court's directives, Lead Plaintiffs' Counsel and counsel for various defendants entered into extensive negotiations under the supervision of Judge Weinstein. As a result of such discussions and their involvement in the extensive negotiation process, Lead Plaintiffs agreed to settlements with Deloitte & Touche and the Banks for a total of approximately $450 million which settlements are final. In addition, as a result of the mediation, Lead Plaintiffs agreed to the settlement with the Director and Officer Defendants for a total of $6,725,000 which settlement is also final.

On or about September 15, 2006, Judge McKenna ordered that Lead Plaintiff and Buchanan, along with other individual plaintiffs in this consolidated action, participate in a mediation session with Judge Weinstein. After years of mediation with Judge Weinstein, Lead Plaintiffs agreed to the Settlement with Buchanan which is further described in this notice.

On October 16, 2012, this case was reassigned from Judge McKenna to Judge Furman.

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim. The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

| D. | How do I know if I am a Class Member and can be part of the Settlement? |
|---|---|

To see if you will receive a payment from the Settlement, you first need to know if you are a Class Member. The Class Action alleges that everyone who fits the following description is a Class Member: *all Persons who purchased or otherwise acquired Adelphia Securities from August 16, 1999, through June 10, 2002, inclusive.* The Class includes persons or entities who acquired shares of Adelphia stock by any method including but not limited to in the secondary market, in exchange for shares of acquired companies pursuant to a registration statement, or through the exercise of options including options acquired pursuant to employee stock plans, if any, persons or entities who acquired debt securities of Adelphia in the secondary market or pursuant to a registration statement, and persons who beneficially acquired securities of Adelphia not held in such persons' names, and who were injured thereby. "Adelphia Securities" or "Securities" means any securities: (i) issued by Adelphia Communications Corporation and all of its predecessors, successors, joint ventures, parents, subsidiaries, divisions and related or affiliated entities, and each of its or their present and former assigns, partners, officers, directors, principals, employees, accountants, insurers, associates, agents, representatives, consultants, advisors, predecessors, successors, heirs, executors, administrators, custodians and beneficiaries, including, without limitation, all debt and equity securities issued pursuant to the October 1999 Offering, the November 1999 Offering, the September 2000 Offering, the January 2001 Debt Offering, the January 2001 Equity Offering, the April 2001 Offering, the June 2001 Offering, the October 2001 Offering, the November 2001 Series E Offering, the November 2001 Class A Offering, the January 2002 Series F Offering and the January 2002 Class A Offering (as those Offerings are defined in the Complaint), or (ii) that traded in whole or in part based on the price or value of any security issued by Adelphia, including without limitation put and call options that were listed on a national securities exchange during the Class Period.

| E. | Are there exceptions to being included in the Class? |
|---|---|

Excluded from the Settlement Class are Adelphia, Adelphia Business Solutions, Inc., Buchanan, all Individual Defendants named in the Complaint, any member of the families of the Individual Defendants, any entity in which any Individual Defendant has or had a controlling interest, any other defendant named in the Complaint or any entity that is a parent or subsidiary of, or which is controlled by, such defendant and the officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns of all defendants named in the Complaint. Also excluded from the Settlement Class are plaintiffs or claimants, other than Lead Plaintiffs and the Settlement Class here, who participated in the ADR Actions (as defined in the Stipulation)

If you own or owned a mutual fund that owns or owned shares of Adelphia stock or Adelphia debt securities, that alone does not make you a Class Member. You are a Class Member only if you purchased or otherwise acquired Adelphia securities individually, as described, during the time period between August 16, 1999, and June 10, 2002, inclusive. Contact your broker to see if you bought or acquired shares of Adelphia stock, Adelphia debt securities, or options during this time period.

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim. The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

| F. | I'm still not sure I am included. |
|----|----------------------------------|

If you are still not sure whether you are included, you can ask for free help. You can call 1-877-965-3300 or visit www.adelphiasettlement.com for more information. Or you can fill out and return the claim form attached hereto, to see if you qualify.

| G. | What does the Settlement provide? |
|----|-----------------------------------|

The Settlement consists of $12,000,000 in cash, plus interest. This Settlement will be used to pay Class Members, and also for the payment of taxes, administrative costs, including the costs of notice, and for attorneys' fees and expenses.

| H. | How much will my payment be in the Settlement? |
|----|------------------------------------------------|

If you are entitled to a payment, your share of the Settlement Fund will depend on a variety of factors, including the number of valid claim forms that Class Members submit, how many Class Members choose to exclude themselves from the class, how many shares of Adelphia stock or how much Adelphia debt you purchased or otherwise acquired and when you bought, acquired and sold your Adelphia Securities. The Plan of Allocation is included at the end of this Notice.

The Administrator will distribute the Settlement Fund according to the Plan of Allocation described at the end of this Notice, after the deadline for submission of Proof of Claim and Release forms has passed and all claims have been processed. The Administrator will process your claim and advise you if your claim does not satisfy the requirements approved by the Court. The Administrator will calculate your payment, if any, based upon the date you purchased or acquired Adelphia Securities, the losses you suffered as a result thereof and the type of claim you have.

By following the Plan of Allocation at the end of this Notice, you can calculate your "Recognized Claim." Your recovery will depend on the size of your Recognized Claim as it relates to the size of the Recognized Claims of all Class Members who file a claim form.    The Administrator will distribute the Settlement Fund (less taxes owed, all administrative costs and attorneys' fees, including the costs of notice and expenses, as awarded by the Court) according to the Plan of Allocation after the deadline for submission of Proof of Claim and Release forms has passed.

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

_____

| I. | How can I receive a payment in the Settlement? |
|----|-----------------------------------------------|

To qualify for payment you must submit the Proof of Claim and Release form enclosed with this Notice. You may also obtain a claim form on the Internet at www.adelphiasettlement.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it and mail it postmarked no later than _____.

**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim. The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

If you have any questions, or need assistance, call 1-877-965-3300, and someone will either answer your questions, or help you to complete the Proof of Claim and Release form.

The Administrator will advise Class Members if their claims are deficient and are rejected. Any Class Member who receives a deficiency letter or a rejection letter and who fails to submit documentation sufficient to remedy the deficiency or reason for rejection within the time prescribed herein shall have their claim deemed finally rejected. The Administrator shall advise Class Members in writing that their claims have been finally rejected. Class Members have thirty (30) days from the date of such final rejection letter to write to the Administrator stating the reasons that their claims should not be rejected, in which case the claim shall be submitted to the Court as a disputed claim. Notice of any hearing on such claims shall be provided to all Class Members whose claims are rejected and disputed.

| J. | When will I receive my payment in the Settlement? |
|----|---------------------------------------------------|

The Court will hold a hearing on _____, ___, at __:__ _.m., to decide whether to approve the Settlement. Even if Judge Furman approves the Settlement, it could take more than a year before the Settlement Fund (or a portion thereof) is distributed to the Class Members. One reason that it may take more than a year for the Settlement Fund to be distributed is that delays could be caused by the filing of appeals. This would happen if, for instance, a Class Member objects to any aspect of the Settlement and is not satisfied by the resolution of that objection by the Court. That Class Member could then appeal the Court's decision. In addition, it is always uncertain whether an appeal will be resolved in favor of a settlement, and resolving any such appeals or objections can take time, perhaps more than a year. The other reason that it may take more than a year for the Settlement Fund to be distributed is that once the Settlement has been approved and any appeals are resolved, the Administrator must process all of the Proof of Claim and Release forms. The processing, by itself, is a very complicated process and will take many months.

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT
www.adelphiasettlement.com
If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim. The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

_____

| K. | What am I giving up to receive a payment in the Settlement? |
|---|---|

If you are a Class Member, and you do not exclude yourself from the Settlement, you remain in the Class, and that means that if the Settlement is approved, you, on behalf of yourself, your heirs, executors, administrators, legal representatives, predecessors, successors, parent companies, affiliates, transferees and assigns, and any Persons claiming (now or in the future) through or on behalf of you, will release all "Released Claims," including all "Unknown Claims," against all "Released Persons."

"Released Claims" collectively means and includes: (i) any and all claims or causes of action against the Released Persons (including, but not limited to, Unknown Claims) of every nature and description and kind, whether known or unknown, that are based upon, relate to or arise from or in connection with or related to investments (including, but not limited to, purchases, other acquisitions, sales, other dispositions, exercises and decisions to hold) in Adelphia Securities or in derivative instruments that trade in whole or in part based on the price or value of any Adelphia Securities, regardless of whether such instruments are or have ever been listed on a national securities exchange, that were ever asserted by or that could have been asserted by Lead Plaintiffs or any Member of the Class against Buchanan or any Released Person in the Class Action or otherwise based upon, relating to, arising from or in connection with legal services provided by Buchanan to Adelphia and/or any Rigas Entity over a period of years; (ii) all claims arising out of or relating directly or indirectly to any disclosures, alleged failures to disclose, omissions, prospectuses, registration statements or other statements made by Adelphia (including, but not limited to, all financial statements issued by Adelphia or any restatement thereof, whether audited or unaudited, and any representations or misrepresentations made by any Released Person concerning Adelphia), that were ever asserted by or that could have been asserted by Lead Plaintiffs or any Member of the Class against Buchanan or any Released Person in the Class Action; (iii) all claims arising out of or relating directly or indirectly to any services performed or engaged to be performed for Adelphia by Buchanan that could have been asserted by Lead Plaintiffs or any Members of the Class; and (iv) all claims that relate directly or indirectly to or that are in any way based upon or arise from, or are in any way connected with, any of the acts, facts, events, circumstances, matters, claims, transactions, occurrences, omissions, representations, misrepresentations or matters of any kind or of any nature referred to or that were ever asserted by or that could have been asserted by Lead Plaintiffs or any Member of the Class against Buchanan or any Released Person, including the claims which were or could have been asserted by Lead Plaintiffs or any Member of the Class, in the Class Action. Nothing in the Stipulation shall be construed to limit the right of any Member of the Class to recover from (1) the funds established for victims of the alleged Adelphia fraud pursuant to (a) the April 25, 2005 Settlement between Adelphia, the Rigases, the United States Securities and Exchange Commission and the United States Attorney's Office for the Southern District of New York; and (b) the April 26, 2005 Settlement between Deloitte & Touche LLP and the SEC, and/or (2) the proceeds from the settlement between Adelphia and Deloitte & Touche LLP in the action styled *Adelphia Communications Corp. v. Deloitte & Touche LLP*, No. 000598.

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

"Released Persons" means Buchanan Ingersoll & Rooney PC (formerly known as Buchanan Ingersoll P.C.), each and every one of its current and former shareholders, members, agents, attorneys, employees, Insurers, subrogees, co-insurers, reinsurers and servants, and all their respective heirs, executors, administrators, personal representatives, predecessors, successors, transferees and assigns.

*The following definition of "Unknown Claims" applies to the Settlement:*

"Unknown Claims" means any Released Claims that any Lead Plaintiff or Class Member does not know of or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Class.  With respect to any and all Released Claims, the settling parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have and by operation of the Judgment shall have expressly, waived the provisions, rights and benefits of California Civil Code § 1542 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

If you remain a member of the Class, the Court's orders may apply to you and legally bind you.

You can exclude yourself from the Settlement.  If you don't want a payment from the Settlement, but you want to keep the right to sue or continue to sue Buchanan on your own about the legal issues being released in this case, then you must take steps to exclude yourself from the Settlement--this is sometimes referred to as opting out of the Class.

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

| L. | How do I exclude myself from the Settlement? |
|---|---|

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Buchanan Settlement in *In re Adelphia Communications Corporation Securities and Derivative Litigation*.   To be excluded, you <u>must</u> include your name, address, telephone number, information concerning the quantity, CUSIP number and specific type of Adelphia equity and/or debt securities held at the close of business on August 13, 1999, all of your purchase(s) and sale(s) of such securities during the Class Period, including the quantity, CUSIP number and identity of the specific Adelphia equity or debt Securities, the dates of purchase (or other acquisition) and sale of the Securities, the price paid or received in all purchases excluding commissions and fees, and your signature.   No request for exclusion will be considered valid unless all information described in the preceding sentence is included in the request.   Any exclusion request must be postmarked or hand delivered to the address below by no later than _____:

ADELPHIA CLAIMS
c/o Valley Forge Administrative Services
One Aldwyn Center
P.O. Box 220
Villanova, PA 19085-0220

Regardless of whether you excluded yourself from any prior settlement in this consolidated class action, if you wish to be excluded from the Settlement you must follow the directions set forth above.  You can't exclude yourself on the telephone.  You also can't exclude yourself by e-mail (unless you have made prior written arrangements with the Administrator).

If you properly ask to be excluded, you will not receive any settlement payment and you cannot object to the Settlement.   You will also not be legally bound by anything that happens in this Class Action, and may be able to sue (or continue to sue) Buchanan in the future concerning the claims being released in the Settlement.

Buchanan has the right to terminate the Settlement if valid requests for exclusion are received from Persons entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Buchanan.

| M. | If I don't exclude myself, can I sue Buchanan for the same thing later? |
|---|---|

No.  If you do not exclude yourself from the Settlement, you cannot bring any of the Released Claims against any Released Persons in the Settlement.

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

| N. | If I exclude myself, can I obtain a payment from the Settlement? |
|---|---|

No.  If you exclude yourself from the Settlement, you cannot receive any payment from the Settlement. In that case, do not send in a Proof of Claim and Release form to ask for any payment.

| O. | Do I have a lawyer in this case? |
|---|---|

The Court appointed the law firms of Abbey Spanier, LLP, 212 East 39th Street, New York, NY 10016, and Kirby McInerney LLP, 825 Third Avenue, New York, NY 10022, as Lead Plaintiffs' Counsel to represent Class members in this Class Action.  You will not be charged for these lawyers, other than amounts those firms are awarded by the Court from the Settlement Fund.  If you want to be represented by another lawyer, you may hire one at your own expense.

| P. | How will the lawyers be paid?  How will the notice costs and expenses be paid? |
|---|---|

Lead Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund not to exceed 21.4% of the Settlement and reimbursement of expenses of no greater than $40,000, plus interest on such amounts at the same rate earned by the Settlement Fund.  This is the equivalent of an average of $0.015 per share of stock and $0.173 per bond.  Lead Plaintiffs' Counsel have litigated this Class Action for nine years on a contingent fee basis and have advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation.

Lead Plaintiffs' Counsel are authorized by the Stipulation to pay the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the Settlement, and distributing the Net Settlement Fund to Settlement Class Members.

| Q. | How do I notify the Court that I don't like the Settlement? |
|---|---|

You can tell the Court that you don't agree with the Settlement, the Plan of Allocation or Lead Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses. If you are a Class Member you can object to the Settlement if you don't like any part of it.  If you object to the Settlement, you can present reasons in writing why you think the Court should not approve the Settlement, the Plan of Allocation or Lead Plaintiffs' Counsel's request for attorneys' fees or expenses.  The Court will consider your views.  To object, you must send a letter saying that you are a Class Member in *In re Adelphia Communications Corporation Securities and Derivative Litigation*, Civil Action No. 03 MD 1529 and that you object to the Settlement, or any aspect of the Settlement.  You must include your name, address, telephone number,

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**
_____

information concerning the quantity, CUSIP number and specific type of Adelphia equity and/or debt securities held at the close of business on August 13, 1999, all of your purchase(s) and sale(s) of such securities during the Class Period, including the quantity, CUSIP number and identity of the specific Adelphia equity or debt Securities, the dates of purchase and sale of the Securities, the price paid or received in all purchases, other acquisitions or sales of the Securities, excluding commissions and fees, the reasons you object to the Settlement and your signature.  No objection will be considered valid unless all information described in the preceding sentence is included in the request.  Any objection must be postmarked or hand delivered and filed with the Clerk of the Court no later than twenty (20) days before the Fairness Hearing with copies to the addresses below:

| | |
|---|---|
| **COURT:**<br><br>Clerk of the Court<br>United States District Court for the Southern District of New York<br>Attn: *In re Adelphia Comm. Corp. Sec. Litig*, 03MD1529 (JMF)<br>500 Pearl Street<br>New York, NY 10007-1312 | LEAD PLAINTIFFS' COUNSEL<br><br>Arthur N. Abbey<br>Judith L. Spanier<br>Richard B. Margolies<br>ABBEY SPANIER, LLP<br>212 East 39th Street<br>New York, NY 10016<br><br>Mark A. Strauss<br>KIRBY McINERNEY LLP<br>825 Third Avenue<br>New York, NY 10022 |
| **COUNSEL FOR DEFENDANT BUCHANAN**<br><br>William M. Wycoff<br>J. Alexander Hershey<br>Clark Hill Thorp Reed<br>One Oxford Centre<br>301 Grant Street, 14th Floor<br>Pittsburgh, PA 15219<br><br>John Leathers<br>Buchanan Ingersoll & Rooney PC<br>One Oxford Centre<br>301 Grant Street, 20th Floor<br>Pittsburgh, PA 15219-1410 | |

If the Court rejects or modifies the Plan of Allocation and/or the amount of attorneys' fees or expenses requested, the Court may still approve the Settlement.

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

| R. | What is the difference between objecting and requesting exclusion? |
|---|---|

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  If you object to the Settlement you will be bound by the Settlement you object to, and all the terms of the relevant Stipulation including the terms of the Judgment to be entered in the Class Action and the releases provided therein.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself from the Settlement, you have no basis to object to that Settlement because it no longer affects you.  With respect to the Settlement, you can either object or exclude yourself, but you cannot do both.

| S. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Fairness Hearing at __.m. on _____, at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York, 10007. At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate and in the best interests of the Class.  If there are objections, the Court will consider them.  Judge Furman will listen to people who have asked in writing to speak at the hearing.  The Court may also decide how much to award Lead Plaintiffs' Counsel for attorneys' fees and expenses and whether to approve the Plan of Allocation.  At or after the hearing, the Court will decide whether to approve the Settlement, the Plan of Allocation and an Award of Attorneys' fees and expenses.  We do not know how long it will take the Court to make these decisions.

| T. | Do I have to answer questions at the Fairness Hearing? |
|---|---|

No.  Lead Plaintiffs' Counsel and Buchanan's Counsel will attempt to answer questions Judge Furman may have.  But you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend but it is not necessary.  If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court and serve it on Lead Plaintiffs' Counsel and Buchanan's Counsel, at the addresses on pages ___-___, in question Q so that the notice is postmarked on or before [Month] [Day], 20[XX].

| U. | May I speak at the Fairness Hearing? |
|---|---|

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Adelphia Communications Corporation Securities and Derivative Litigation*, Civil Action No. 03 MD 1529".  Be sure to include your name,

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

_____

address, telephone number and signature.  Your Notice of Intention to Appear must be filed with the Clerk of Court with a copy served on Lead Plaintiffs' Counsel and Buchanan's Counsel, at the addresses on pages ___-___, in question Q so that the notice is postmarked on or before [Month] [Day], 20[XX]. You cannot speak at the hearing if you exclude yourself.

| | |
|---|---|
| V. | What will happen if I do nothing at all? |

If you fail to file a timely Proof of Claim and Release in response to this Notice, you'll get no money from the Settlement.  If you fail to exclude yourself, you will nevertheless release the Released Persons from the Released Claims in the Settlement.

**If you filed a proof of claim form in connection with a prior settlement in this Consolidated Class Action and your claim was not rejected, you do not have to file another proof of claim in order to participate in the Settlement.**

| | |
|---|---|
| W. | Are there more details about the Settlement? |

This Notice summarizes the Settlement.  More details are contained in the Settlement Agreement itself. You can obtain a copy of the Stipulation by writing to Lead Plaintiffs' Counsel at the addresses set forth below, or by visiting www.adelphiasettlement.com; www.kmllp.com; or www.abbeyspanier.com.  Also available on the website are the Proof of Claim and Release and this Notice.

If you have questions about the Settlement, you may write Lead Plaintiffs' Counsel at the addresses set forth below or call them toll free at 1-888-529-4787 for the firm of Kirby McInerney LLP, or 1-800-889-3701 for the firm of Abbey Spanier, LLP; call the Administrator at 1-877-965-3300 toll free; or visit the websites referenced above, where you will find a link to the Administrator's website containing answers to common questions about the Settlement and a claim form, plus other information to help you determine whether you are a Class Member, and whether you are eligible for a payment.

ABBEY SPANIER, LLP
212 East 39th Street
New York, NY 10016
ATTN:  Adelphia Securities Settlement

-and-

KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022
ATTN:  Adelphia Securities Settlement

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

_____

**DO NOT CONTACT THE COURT**

| X. | What are my rights and obligations as a securities broker or nominee? |
|---|---|

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or otherwise acquired Adelphia Securities between August 16, 1999, and June 10, 2002, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, you must either (1) provide the Administrator the name and last known address of each person or organization for whom or for which you purchased or otherwise acquired such shares during the Class Period, preferably on computer-generated mailing labels or, electronically, in MS Word or WordPerfect files (label size Avery # 5162), or in an MS Excel data table setting forth (a) title/registration, (b) street address, and (c) city/state/zip or (2) request additional copies of this Notice package (which will be provided to you free of charge) and within seven (7) days mail the Notice package form directly to the beneficial owners of the Adelphia Securities.  If you choose to follow alternative procedure (2), the Court has directed that, upon such mailing, you send a statement to the Administrator confirming that the mailing was made as directed.  You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of the beneficial owners.  Those expenses will be paid after your request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Administrator:

ADELPHIA CLAIMS
c/o Valley Forge Administrative Services
One Aldwyn Center
P.O. Box 220
Villanova, PA 19085-0220
Tel: 877-965-3300
E-mail: info@adelphiasettlement.com
Website: http://www.adelphiasettlement.com

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

## APPENDIX I

## PLAN OF ALLOCATION OF SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement Fund will be distributed to Adelphia Securities Class Members eligible for recovery pursuant to the Settlement who submit valid and timely Proof of Claim and Release forms ("Authorized Claimants") in connection with the Plan of Allocation described below. **If a Settlement Class Member previously submitted a Proof of Claim Form and Release in connection with a prior settlement in this Consolidated Class Action that was not rejected, there is no need to submit another proof of claim form.  The trading information the Settlement Class Member previously already provided in his, her or its prior claim form will be used to determine his, her or its claim in this Settlement with Buchanan.**  "Adelphia Securities Class Members" means persons who purchased securities issued by Adelphia (as described above) during the period August 16, 1999, through June 10, 2002, inclusive.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Settlement Fund only if you have a net loss on all transactions in Adelphia Securities (including options) purchased during the Adelphia Securities Class Period.  These transactions are referred to as "Adelphia Securities Transactions."  The Plan of Allocation will be submitted to the Court for its approval at the Fairness Hearing, but will be considered by the Court separately from the Settlement itself.

The total of all profits of Adelphia Securities Transactions shall be subtracted from the total of all losses of Adelphia Securities Transactions to determine if an Adelphia Securities Class Member has a net loss.  Only if an Adelphia Securities Class Member had a net loss from Adelphia Securities Transactions will the claimant be eligible to receive a distribution from the Settlement Fund.

To the extent there are sufficient funds in the Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Claim, as described below.  If the amount in the Settlement Fund is not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total of the Recognized Claims of all Authorized Claimants.

Claimants may have a Recognized Claim in Sub-Categories A, B or C, or in more than one Sub-Category.

Sub-Category A is for the Adelphia Securities described below purchased from August 16, 1999, to March 26, 2002, inclusive and which were retained on or after the close of trading on March 26, 2002.

Sub-Category B is for Adelphia Securities purchased from March 27, to June 10, 2002, inclusive, and which were retained on or after the close of trading on June 10, 2002.

Sub Category C is for Adelphia Securities purchased from August 16, 1999, to March 26, 2002, inclusive and sold from August 16, 1999, to March 26, 2002, inclusive and/or for Adelphia Securities purchased from March 27, 2002, to June 10, 2002, inclusive and sold from March 27, 2002, to June 10, 2002, inclusive.

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

The Recognized Claim shall be calculated, for Sub-Category A and Sub-Category B, as the price paid excluding commissions minus the selling price excluding commissions if sold on or before May 1, 2006, or if retained after May 1, 2006, the price paid excluding commissions, minus the average closing price of the claimed Adelphia Securities contained on Exhibit A below. The Recognized Claim shall be calculated, for Sub-Category C, as the price paid excluding commissions minus the selling price excluding commissions.

The Recognized Claim will be multiplied by the percentages noted below based upon the relative strengths of the claims for the various Sub-Categories.

**The Recognized Claims for Sub-Categories A, B and C are calculated as follows:**

**Sub Category A Recognized Claim:**

Recognized Claim times 100%:

Adelphia Common Stock purchased in the offering of these shares dated approximately October 1, 1999

Adelphia Common Stock purchased in the offering of these shares dated approximately January 18, 2001

Adelphia Common Stock purchased in the offering of these shares dated approximately November 9, 2001

Adelphia Common Stock purchased in the offering of these shares dated approximately January 16, 2002

Adelphia Common Stock received as a result of Adelphia's acquisition of Century Communication Corp. ("Century") on or about October 1, 1999

Adelphia Preferred Stock (Series E) purchased in the offering of these shares dated approximately November 15, 2001

Adelphia Preferred Stock (Series F) purchased in the offering of these shares dated approximately January 22, 2002

Adelphia 9.375% Senior Notes issued approximately November 12, 1999

Adelphia 10.875% Senior Notes issued approximately September 18, 2000

Adelphia 10.25% Senior Notes issued approximately June 8, 2001

Adelphia 3.25% Convertible Notes issued approximately April 20, 2001

Adelphia 6% Convertible Notes issued approximately January 18, 2002

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

Recognized Claim times 75%:

All Adelphia Securities as described in Sub Category A (i.e., purchased from August 16, 1999, to March 26, 2002, inclusive and which were retained on or after the close of trading on March 26, 2002) including stock that was not purchased in the offerings listed above.

**Sub-Category B Recognized Claim:**

Recognized Claim times 25%:

All Adelphia Securities

**Sub-Category C Recognized Claim:**

Recognized Claim times 2%:

All Adelphia Securities

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

## ADELPHIA OPTIONS

The Recognized Claim for call options shall be calculated as follows:

For call options purchased to initiate a new position and purchased August 16, 1999, to March 26, 2002, inclusive and held after the close of trading on March 26, 2002, the Recognized Claim shall be the price paid excluding commissions less the sale price (if any) excluding commissions, times 75%.

For call options purchased to initiate a new position and purchased March 27, 2002, to June 10, 2002, inclusive and held after the close of trading on June 10, 2002, the Recognized Claim shall be the price paid excluding commissions less the sale price (if any) excluding commissions, times 25%.

For put options sold to initiate a new position and sold August 16, 1999, to March 26, 2002, inclusive and held after the close of trading on March 26, 2002, the Recognized Claim shall be the price paid excluding commissions to cover the put option less the sale price (if any) excluding commissions, times 75%.

For put options sold to initiate a new position and sold March 27, 2002, to June 10, 2002, inclusive or held after the close of trading on June 10, 2002, the Recognized Claim shall be the price paid excluding commissions to cover the put option excluding commissions less the sale price (if any) excluding commissions, times 25%.

For put options sold pursuant to the above paragraphs that (1) were sold and shares of Adelphia common stock was "put" to the buyer of the options, or (2) expired worthless, the premium received for the sale of the options will be deducted from any Recognized Claim for any Adelphia security.

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

## EXHIBIT A

| Security | Deemed Sale Price For Class Members Who Held after May 1, 2006 |
|---|---|
| 10.500% Series B Senior Notes issued 7/7/1997, CUSIP 006848AR6 | $72.64 |
| 9.875% Series B Senior Notes issued 9/1/1997, CUSIP 006848APO | $71.39 |
| 9.250% Series B Senior Notes issued 9/25/1997, CUSIP 006848AS4 | $70.64 |
| 8.125% Series B Senior Notes issued 7/2/1998, CUSIP 006848AW5 | $70.70 |
| 7.500% Series B Senior Notes issued 1/13/1999, CUSIP 006848AZ8 | $70.14 |
| 7.750% Series B Senior Notes issued 1/13/1999, CUSIP 006848BC8 | $70.74 |
| 7.875% Series B Senior Notes issued 4/28/1999, CUSIP 006848BD6 | $69.67 |
| 9.375% Series B Senior Notes issued 11/16/1999, CUSIP 006848BE4 | $73.09 |
| 10.875% Series B Senior Notes issued 9/20/2000, CUSIP 006848BF1 | $72.22 |
| 10.250% Series B Senior Notes issued 6/12/2001, CUSIP 006848BJ3 | $74.35 |
| 10.250% Senior Notes issued 10/25/2001, CUSIP 006848BKO | $71.06 |
| 6% Convertible Subordinated Notes issued 1/23/2001, CUSIP 006848BG9 | $17.80 |
| 3.25% Convertible Subordinated Notes issued 4/25/2001, CUSIP 006848BH7 | $17.64 |
| 7.500% Series E Mandatory Convertible Preferred Stock issued 11/15/2001, CUSIP 006848501 | $0.82 |
| 7.500% Series F Mandatory Convertible Preferred Stock issued 1/22/2002, CUSIP 006848600 | $0.82 |
| Common Stock | $0.26 |

**QUESTIONS?  CALL 1-877-965-3300 TOLL FREE, OR VISIT**
**www.adelphiasettlement.com**
**If you filed a proof of claim form in connection with any prior settlement in this consolidated class action and it was accepted and not rejected, you do not have to file another proof of claim.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**

**EXHIBIT A-2**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ADELPHIA COMMUNICATIONS CORPORATION SECURITIES AND DERIVATIVE LITIGATION | **03 MD 1529 (JMF)**<br><br>**Civil Case No.: 03 Civ. 5785** |

### SUMMARY NOTICE OF PROPOSED
### PARTIAL SETTLEMENT OF CLASS ACTION

**IF YOU PURCHASED OR OTHERWISE ACQUIRED SECURITIES ISSUED BY ADELPHIA COMMUNICATIONS CORPORATION OR ITS SUBSIDIARIES ("ADELPHIA") BETWEEN AUGUST 16, 1999, AND JUNE 10, 2002, INCLUSIVE (THE "CLASS PERIOD"), YOU MAY BE ENTITLED TO RECEIVE A PAYMENT IN A PROPOSED PARTIAL CLASS ACTION SETTLEMENT.**

Please read this notice carefully and in its entirety. Your rights may be affected by the proposed settlement described in this notice. A hearing will be held with respect to the proposed settlement on _____, at __:__ a.m. before the Honorable Jesse M. Furman in the United States District Court for the Southern District of New York, in courtroom 1105, at the United States Courthouse, 40 Foley Square, New York, New York 10007.

The settlement resolves certain claims asserted in a Class Action against Adelphia's legal counsel defendant Buchanan Ingersoll & Rooney PC (formerly known as Buchanan Ingersoll P.C.) ("Buchanan").

The settlement consists of twelve million dollars ($12,000,000) in cash.

The purpose of the hearing is to determine whether the proposed settlement pursuant to which Buchanan will pay the above amount into a Settlement Fund in exchange for a release of claims against them, should be approved by the Court as fair,

reasonable, adequate and in the best interests of the Class.  At the hearing, the Court will also consider whether judgment should be entered dismissing all claims in the litigation against Buchanan with prejudice, and approving a Plan of Allocation to distribute the proceeds of the settlement, a request by Lead Counsel for attorneys' fees in an amount not to exceed 21.4% of the Settlement and reimbursement of expenses of no greater than $40,000, plus interest on such amounts at the same rate earned by the Settlement Fund, and any other matters that may properly be brought before the Court in connection with the settlement.

A description of the settlement and the rights of Class Members with respect to the settlement, along with a Proof of Claim and Release Form, are contained in the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice"), which has been mailed to all identifiable potential Class Members.  If you are a member of the Class, you may be entitled to share in the distribution of the Settlement Fund by filing a Proof of Claim and Release Form no later than _____, 20__.  **If you already filed a Proof of Claim and Release Form in connection with an earlier partial settlement in this Consolidated Class Action and that claim was not rejected, you do not have to file another proof of claim to participate in this Settlement.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.**  You also have the right to exclude yourself from the proposed settlement or object to the proposed settlement or the other matters to be considered by the Court at the hearing, in accordance with the procedures described in the Notice.  If you did not receive a copy of the Notice by mail, you may obtain a copy and a

2

Proof of Claim and Release Form, or other information, by writing to the following address, calling the following telephone number, or on the Internet at:

ADELPHIA CLAIMS
c/o Valley Forge Administrative Services
One Aldwyn Center
P.O. Box 220
Villanova, PA 19085-0220
Telephone: 877-965-3300
www.adelphiasettlement.com

If you are a member of the Class and do not exclude yourself from the Class and do not submit a proper Proof of Claim and Release Form (or have not previously submitted a Proof of Claim Form in an earlier partial settlement in this action), you will not share in the Settlement Fund but you will be bound by the Order and Final Judgment of the Court entered with respect to the Settlement.

Please do not call the Clerk of the Court or Judge Furman for information.

Dated: _____, 2013

_____
Clerk of the Court
United States District Court
Southern District of New York

EXHIBIT A-3

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ADELPHIA COMMUNICATIONS CORPORATION SECURITIES AND DERIVATIVE LITIGATION | 03 - MD - 1529 (JMF)  Civil Case No.: 03 Civ. 5785 |

### PROOF OF CLAIM AND RELEASE

**IF YOU PURCHASED SECURITIES ISSUED BY ADELPHIA COMMUNICATIONS CORPORATION OR ITS SUBSIDIARIES ("ADELPHIA") IN PUBLIC OFFERINGS OR ON THE OPEN MARKET BETWEEN AUGUST 16, 1999, AND JUNE 10, 2002, INCLUSIVE, YOU MAY BE ELIGIBLE TO RECEIVE A PAYMENT IN THE PROPOSED CLASS ACTION SETTLEMENT WITH ADELPHIA'S OUTSIDE COUNSEL DEFENDANT  BUCHANAN INGERSOLL & ROONEY PC ("BUCHANAN").**

**IF YOU ALREADY FILED A PROOF OF CLAIM AND RELEASE IN CONNECTION WITH A PREVIOUS SETTLEMENT IN THIS CONSOLIDATED CLASS ACTION AND YOUR CLAIM WAS NOT REJECTED, YOU DO NOT HAVE TO FILE ANOTHER CLAIM FORM.  THE TRADING INFORMATION YOU ALREADY PROVIDED IN YOUR PRIOR CLAIM FORM WILL BE USED TO DETERMINE YOUR CLAIM IN THIS SETTLEMENT WITH BUCHANAN.**

**IF YOU HAVE NOT ALREADY DONE SO OR YOUR CLAIM WAS REJECTED, THEN, IN ORDER TO RECEIVE ANY PAYMENTS TO WHICH YOU MAY BE ENTITLED AS A CLASS MEMBER IN THIS SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT PREPAID, FIRST-CLASS MAIL, POSTMARKED NO LATER THAN _____, 20__, TO THE FOLLOWING ADDRESS:**

ADELPHIA CLAIMS
c/o Valley Forge Administrative Services
One Aldwyn Center * P.O. Box 220
Villanova, PA 19085-0220
Telephone: 877-965-3300

IF YOU FAIL TO SUBMIT YOUR PROOF OF CLAIM AND RELEASE FORM ON OR BEFORE _____, 20__, YOUR CLAIM MAY BE REJECTED AND YOU MAY BE PRECLUDED FROM RECEIVING ANY MONEY FROM THIS SETTLEMENT.

A Proof of Claim and Release form will be deemed submitted when postmarked or, if submitted other than by first-class mail, on the date actually received by the Claims Administrator.

## I. IDENTITY OF CLAIMANT

Enter the name(s) of the beneficial purchaser(s) or acquirer(s) of Adelphia Securities; if the securities were held jointly in two or more names, all names must be shown, and all joint owners must sign the Proof of Claim.  If some securities were held in one name (e.g., John Smith) and some in joint names (e.g., John and Mary Smith, JT), you must file separate Proof of Claim forms; all these represent different ownerships.  A claimant whose securities were held in a custodial account under the Uniform Gifts to Minors Act ("UGMA") may file in his/her own name, if he/she is now of age.  In this event, the former custodian does not have to sign the Proof of Claim.  UGMA Custodians should identify themselves as follows:  (e.g., John Smith, Custodian for Jack Smith UGMA).  Corporate officers or partners filing for a claimant corporation or partnership should file in the name of such entity, and sign their names and titles on the signature page.  Executors, Trustees, Administrators, and the like should file in the name of the beneficial owner/seller, and sign their names and titles on the signature page.

**Name of Claimant(s):**

Name: _____

Name: _____

Address: _____

Address: _____

City: _____        State: ____  Zip Code: _____ - _____

Country: _____

__Individual  __Corporation  __Estate  __Other (Specify)

_____ _____-_____                         _____ _____-_____
Area Code Telephone No. (Day)                     Area Code Telephone No. (Evening)

**SUBSTITUTE FORM W-9**
**REQUEST FOR TAXPAYER IDENTIFICATION NUMBER**
Enter your taxpayer identification number below. For most individuals, this is your social security number. The Internal Revenue Service requires your taxpayer identification number. Failure to furnish your correct taxpayer identification number may result in withholding of a portion of any distribution otherwise payable with respect to your claim. UGMA Custodians should use the minor's social security number.
Social Security Number: ___-__-____                OR  Employer Identification Number: __-_____
(for individuals)                                                      (for estates, trusts, corporations, etc.)

## II.  PROOF OF CLAIM

By submitting this Proof of Claim, I state that I believe in good faith that: (a) I am a member of the Class as defined in the Notice, or am acting for such person; (b) I have read and understood the contents of the Notice; (c) I am not, and am not acting for, Adelphia, any defendant, any entity in which any defendant has a controlling interest, or the legal representative, heir, successor or assign of Adelphia or any other individual defendant; (d) Neither I, nor any joint owners of the securities at issue, has filed an effective Request for Exclusion seeking to be excluded from the Settlement; (e) I am entitled to receive a share of the Settlement Fund; (f) I desire to participate the  Settlement described in the Notice; and (g) I have enclosed photocopies of the stockbroker confirmation slips or broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other documents adequately evidencing each purchase and sale listed below in support of my claimed loss.

## III.  SUPPORTING DOCUMENTS

**Claimants must enclose copies of confirmation slips, monthly statements and/or other documents (such as tax return schedules) evidencing each purchase, acquisition, sale or holdings reported on this Proof of Claim form. IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES FROM YOUR BROKER. FAILURE TO SUBMIT SUCH DOCUMENTS MAY RESULT IN DISALLOWANCE OF YOUR CLAIM.  DO NOT SEND ORIGINALS.**

## IV.  VERIFICATION OF CLAIM(S)

I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct and I agree to cooperate in any such verification. I further agree and understand that if the proposed Settlement is approved by the Court and become effective, all claims or matters against the Released Persons described in the Release below, which have been or could have been asserted relating in any way to the subject matter of the litigation, will be released and discharged forever.  I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York.

## V.  RELEASE AND COVENANT NOT TO SUE

If the Settlement is approved, you, on behalf of yourself, your heirs, executors, administrators, legal representatives, predecessors, successors, parent companies, affiliates, transferees and assigns, and any Persons claiming (now or in the future) through or on behalf of you, will release all "Released Claims," including all "Unknown Claims," against all "Released Persons," as those terms are defined below.

"Released Claims" collectively means and includes: (i) any and all claims or causes of action against the Released Persons (including, but not limited to, Unknown Claims) of every nature and description and kind, whether known or unknown, that are based upon, relate to or arise from or in connection with or related to investments (including, but not limited to, purchases, other acquisitions, sales, other dispositions, exercises and decisions to hold) in Adelphia Securities or in derivative instruments that trade in whole or in part based on the price or value of any Adelphia Securities, regardless of whether such instruments are or have ever been listed on a national securities exchange, that were ever asserted by or that could have been asserted by Lead Plaintiffs or any Member of the Class against Buchanan or any Released Person in the Class Action or otherwise based upon, relating to, arising from or in connection with legal services provided by Buchanan to Adelphia and/or any Rigas Entity over a period of years; (ii) all claims arising out of or relating directly or indirectly to any disclosures, alleged failures to disclose, omissions, prospectuses, registration statements or other statements made by Adelphia (including, but not limited to, all financial statements issued by Adelphia or any restatement thereof, whether audited or unaudited, and any representations or misrepresentations made by any Released Person concerning Adelphia), that were ever asserted by or that could have been asserted by Lead Plaintiffs or any Member of the Class against Buchanan or any Released Person in the Class Action; (iii) all claims arising out of or relating directly or indirectly to any services performed or engaged to be performed for Adelphia by Buchanan that could have been asserted by Lead Plaintiffs or any Members of the Class; and (iv) all claims that relate directly or indirectly to or that are in any way based upon or arise from, or are in any way connected with, any of the acts, facts, events, circumstances, matters, claims, transactions, occurrences, omissions, representations, misrepresentations or matters of any kind or of any nature referred to or that were ever asserted by or that could have been asserted by Lead Plaintiffs or any Member of the Class against Buchanan or any Released Person, including the claims which were or could have been asserted by Lead Plaintiffs or any Member of the Class, in the Class Action.  Nothing in the Stipulation shall be construed to limit the

right of any Member of the Class to recover from (1) the funds established for victims of the alleged Adelphia fraud pursuant to (a) the April 25, 2005 Settlement between Adelphia, the Rigases, the United States Securities and Exchange Commission and the United States Attorney's Office for the Southern District of New York; and (b) the April 26, 2005 Settlement between Deloitte & Touche LLP and the SEC, and/or (2) the proceeds from the settlement between Adelphia and Deloitte & Touche LLP in the action styled Adelphia Communications Corp. v. Deloitte & Touche LLP, No. 000598.

"Released Persons" means Buchanan Ingersoll & Rooney PC (formerly known as Buchanan Ingersoll P.C.), each and every one of its current and former shareholders, members, agents, attorneys, employees, Insurers, subrogees, co-insurers, reinsurers and servants, and all their respective heirs, executors, administrators, personal representatives, predecessors, successors, transferees and assigns.

"Unknown Claims" means any Released Claims that any Lead Plaintiff or Settlement Class Member does not know of or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have and by operation of the Judgment shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542 and any provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

In the event the Settlement is not finally approved or the Settlement is terminated, all Releases will be null and void.

## VI.  CERTIFICATION

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE. I (We) certify that I am NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. If I am signing on behalf of someone else, I hereby certify and warrant that I am authorized to make this Proof of Claim and Release.  I hereby certify and warrant that I have not previously sold, transferred, assigned or granted any interest in any of the claims released hereby (as set forth at paragraph V above) to any other person or entity.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the Certification above.

| | |
|---|---|
| _____ | _____  _____ |
| Date | Signature of Claimant |
| _____ | _____ |
| Date | Signature of Joint-Owner Claimant (if any) |

If the claimant is other than an individual, or if the claimant is not the person completing and signing this form, the following must also be provided:

| | |
|---|---|
| _____ | _____ |
| Print Name of Person Signing | Capacity of Person Signing (Executor, President, etc.) |

Address of Person Signing

Street:_____

Street:_____

City: _____ State:____ Zip Code:_____    _____    _____ - _____

Area Code Telephone Number

## VII. STATEMENT OF CLAIM

### *INSTRUCTIONS*

1. If you require additional space, use copies of this page or pages in the same format as below (you may copy pages). Sign and print your name and your Social Security or Employer Identification Number on each additional page.

2. **You MUST enclose copies of confirmation slips, monthly statements and/or other documents (such as tax return schedules) evidencing each purchase, acquisition, sale or holdings reported on this Proof of Claim form. IF ANY SUCH DOCUMENTS ARE NOT IN YOUR**

**POSSESSION, PLEASE OBTAIN COPIES FROM YOUR BROKER. THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. FAILURE TO SUBMIT SUCH DOCUMENTS MAY RESULT IN REJECTION OF YOUR CLAIM.**

3. All references to purchase and sale dates relate to trade dates, not settlement dates.

4. The amount of the settlement proceeds to which you are entitled, if any, will be calculated pursuant to the proposed Plan of Allocation contained in the Notice, or such other plan as may be approved by the Court.

5. If you have acquired any Adelphia Securities by gift, inheritance or operation of law, you are to report this transaction as if you acquired the security on the same date as the person or entity who initially purchased the security.

6. A Proof of Claim and Release form will be deemed submitted when postmarked or, if sent other than by first-class mail, on the date actually received by the Claims Administrator.

7. **If you previously filed a claim in a previous class action settlement in this Consolidated Class Action and it was not rejected, you do not need to file a new claim form. The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan. If you have any questions on this point, call the Claims Administrator at 877-965-3300.**

**IF YOU NEED MORE ROOM, USE COPIES OF THIS PAGE OR PAGES IN THE SAME FORMAT AS BELOW.**

**PLEASE FILL IN EACH SECTION, WRITING "NONE" WHERE APPROPRIATE.**

## COMMON STOCK

A. **ADELPHIA COMMON STOCK OWNED** as of the close of business on August 13, 1999:

| Total Sale Price (exclude commissions and fees) | Selling Price Per Share (exclude commissions and fees) | Number of Shares Sold | Trade Date(s) of Sale (List Chronologically) Month / Day / Year |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

B. **ADELPHIA COMMON STOCK PURCHASED** during the period from August 16, 1999, through the close of business on June 10, 2002:

| Total Purchase Price (exclude commissions and fees) | Purchase Price Per Share (exclude commissions and fees) | Number of Shares Purchased | Trade Date(s) of Purchase (List Chronologically) Month / Day / Year |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

C. **ADELPHIA COMMON STOCK SOLD** during the period from August 16, 1999, through the close of business on June 10, 2002:

| Total Sale Price (exclude commissions and fees) | Selling Price Per Share (exclude commissions and fees) | Number of Shares Sold | Trade Date(s) of Sale (List Chronologically) Month / Day / Year |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

D. **ADELPHIA COMMON STOCK OWNED** as of the close of business on June 10, 2002:

| Total Sale Price (exclude commissions and fees) | Selling Price Per Share (exclude commissions and fees) | Number of Shares Sold | Trade Date(s) of Sale (List Chronologically) Month / Day / Year |
|---|---|---|---|
| | | | |

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**PREFERRED STOCK**

A. **ADELPHIA PREFERRED STOCK OWNED** as of the close of business on August 13, 1999:

| Series and Interest Rate | Total Sale Price (exclude commissions and fees) | Selling Price Per Share (exclude commissions and fees) | Number of Shares Sold | Trade Date(s) of Sale (List Chronologically) Month / Day / Year |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

B. **ADELPHIA PREFERRED STOCK PURCHASED** during the period from August 16, 1999, through the close of business on June 10, 2002:

| Series and Interest Rate | Total Purchase Price (exclude commissions and fees) | Purchase Price Per Share (exclude commissions and fees) | Number of Shares Purchased | Trade Date(s) of Purchase (List Chronologically) Month / Day / Year |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

C. **ADELPHIA PREFERRED STOCK SOLD** during the period from August 16, 1999, through the close of business on June 10, 2002:

| Series and Interest Rate | Total Sale Price (exclude commissions and fees) | Selling Price Per Share (exclude commissions and fees) | Number of Shares Sold | Trade Date(s) of Sale (List Chronologically) Month / Day / Year |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

D. **ADELPHIA PREFERRED STOCK OWNED** as of the close of business on June 10, 2002:

| Series and Interest Rate | Total Sale Price (exclude commissions and fees) | Selling Price Per Share (exclude commissions and fees) | Number of Shares Sold | Trade Date(s) of Sale (List Chronologically) Month / Day / Year |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**CORPORATE DEBT**

A. **ADELPHIA CORPORATE DEBT OWNED as** of the close of business on August 13, 1999:

| Interest Rate<br>Date of Maturity | Total Sale Price<br>(exclude commissions<br>and fees) | Selling Price Per Bond<br>(exclude commissions<br>and fees) | Number of<br>Bonds<br>Sold | Trade Date(s) of Sale<br>(List Chronologically)<br>Month / Day / Year |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B. **ADELPHIA CORPORATE DEBT PURCHASED** during the period from August 16, 1999, through the close of business on June 10, 2002:

| Interest Rate<br>Date of Maturity | Total Purchase Price<br>(exclude commissions<br>and fees) | Purchase Price Per Bond<br>(exclude commissions<br>and fees) | Number of<br>Bonds<br>Purchased | Trade Date(s) of Purchase<br>(List Chronologically)<br>Month / Day / Year |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

C. **ADELPHIA CORPORATE DEBT SOLD** during the period from August 16, 1999, through the close of business on June 10, 2002:

| Interest Rate<br>Date of Maturity | Total Sale Price<br>(exclude commissions<br>and fees) | Selling Price Per Bond<br>(exclude commissions<br>and fees) | Number of<br>Bonds<br>Sold | Trade Date(s) of Sale<br>(List Chronologically)<br>Month / Day / Year |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

D. **ADELPHIA CORPORATE DEBT OWNED a**s of the close of business on June 10, 2002:

| Interest Rate<br>Date of Maturity | Total Sale Price<br>(exclude commissions<br>and fees) | Selling Price Per Bond<br>(exclude commissions<br>and fees) | Number of<br>Bonds<br>Sold | Trade Date(s) of Sale<br>(List Chronologically)<br>Month / Day / Year |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**CONVERTIBLE NOTES**

A. **ADELPHIA CONVERTIBLE NOTES OWNED** as of the close of business on August 13, 1999:

| Interest Rate<br>Date of Maturity | Total Sale Price<br>(exclude commissions<br>and fees) | Selling Price Per Note<br>(exclude commissions<br>and fees) | Number of<br>Notes<br>Sold | Trade Date(s) of Sale<br>(List Chronologically)<br>Month / Day / Year |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B. **ADELPHIA CONVERTIBLE NOTES PURCHASED** during the period from August 16, 1999, through the close of business on June 10, 2002:

| Interest Rate Date of Maturity | Total Purchase Price (exclude commissions and fees) | Purchase Price Per Note (exclude commissions and fees) | Number of Notes Purchased | Trade Date(s) of Purchase (List Chronologically) Month / Day / Year |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

C. **ADELPHIA CONVERTIBLE NOTES SOLD** during the period from August 16, 1999, through the close of business on June 10, 2002:

| Interest Rate Date of Maturity | Total Sale Price (exclude commissions and fees) | Selling Price Per Note (exclude commissions and fees) | Number of Notes Sold | Trade Date(s) of Sale (List Chronologically) Month / Day / Year |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

D. **ADELPHIA CONVERTIBLE NOTES OWNED** as of the close of business on June 10, 2002:

| Interest Rate Date of Maturity | Total Sale Price (exclude commissions and fees) | Selling Price Per Note (exclude commissions and fees) | Number of Notes Sold | Trade Date(s) of Sale (List Chronologically) Month / Day / Year |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**SUBSIDIARY DEBT**

A. **ADELPHIA SUBSIDIARY DEBT OWNED** as of the close of business on August 13, 1999:

| Issuer Interest Rate Date of Maturity | Total Sale Price (exclude commissions and fees) | Selling Price Per Bond (exclude commissions and fees) | Number of Bonds Sold | Trade Date(s) of Sale (List Chronologically) Month / Day / Year |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B. **ADELPHIA SUBSIDIARY DEBT PURCHASED** during the period from August 16, 1999, through the close of business on June 10, 2002:

| Issuer Interest Rate Date of Maturity | Total Purchase Price (exclude commissions and fees) | Purchase Price Per Bond (exclude commissions and fees) | Number of Bonds Purchased | Trade Date(s) of Purchase (List Chronologically) Month / Day / Year |
|---|---|---|---|---|
| | | | | |

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |

**C. ADELPHIA SUBSIDIARY DEBT SOLD** during the period from August 16, 1999, through the close of business on June 10, 2002:

| Issuer<br>Interest Rate<br>Date of Maturity | Total Sale Price<br>(exclude commissions<br>and fees) | Selling Price Per Bond<br>(exclude commissions<br>and fees) | Number of<br>Bonds<br>Sold | Trade Date(s) of Sale<br>(List Chronologically)<br>Month / Day / Year |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**D. ADELPHIA SUBSIDIARY DEBT OWNED** as of the close of business on June 10, 2002:

| Issuer<br>Interest Rate<br>Date of Maturity | Total Sale Price<br>(exclude commissions<br>and fees) | Selling Price Per Bond<br>(exclude commissions<br>and fees) | Number of<br>Bonds<br>Sold | Trade Date(s) of Sale<br>(List Chronologically)<br>Month / Day / Year |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## OPTIONS

Only Call options purchased and Put options sold in the Class Period (August 16, 1999, to June 10, 2002, inclusive) are eligible.

**IF YOU NEED MORE ROOM, USE COPIES OF THIS PAGE OR PAGES IN THE SAME FORMAT AS BELOW. PLEASE FILL IN EACH SECTION,  WRITING "NONE" WHERE APPROPRIATE.**

## CALL OPTIONS

A. Claimant(s) owned the following number of Adelphia CALL OPTIONS on the close of business on August 13, 1999 (specify description and strike price):

_____
_____
_____

B. **ADELPHIA CALL OPTIONS PURCHASED** during the period from August 16, 1999, through the close of business on June 10, 2002:

Description:_____   Strike Price: $_____   Purchase Price per Option: $_____   Date Purchased:___/___/_____
Description:_____   Strike Price: $_____   Purchase Price per Option: $_____   Date Purchased:___/___/_____
Description:_____   Strike Price: $_____   Purchase Price per Option: $_____   Date Purchased:___/___/_____

C. **ADELPHIA CALL OPTIONS SOLD** during the period from August 16, 1999, through the close of business on June 10, 2002:

Description:_____   Strike Price: $_____   Sale Price per Option: $_____   Date Sold:___/___/_____
Description:_____   Strike Price: $_____   Sale Price per Option: $_____   Date Sold:___/___/_____
Description:_____   Strike Price: $_____   Sale Price per Option: $_____   Date Sold:___/___/_____

Claimant(s) owned the following Adelphia Call options as of the close of business on June 10, 2002 (specify description and strike price):

_____
_____
_____

**PUT OPTIONS**

A. Claimant(s) were short the following number of Adelphia PUT OPTIONS on the close of business on August 13, 1999 (specify description and strike price):

_____

_____

_____

B. **ADELPHIA PUT OPTIONS SOLD** during the period from August 16, 1999, through the close of business on June 10, 2002:

Description:_____ Strike Price: $_____ Sale Price per Option: $_____ Date Sold:___/___/_____
Description:_____ Strike Price: $_____ Sale Price per Option: $_____ Date Sold:___/___/_____
Description:_____ Strike Price: $_____ Sale Price per Option: $_____ Date Sold:___/___/_____

C. **ADELPHIA PUT OPTIONS COVERED** during the period from August 16, 1999, through the close of business on June 10, 2002:

Description:_____ Strike Price: $_____ Purchase Price per Option: $_____ Date Purchased:___/___/_____
Description:_____ Strike Price: $_____ Purchase Price per Option: $_____ Date Purchased:___/___/_____
Description:_____ Strike Price: $_____ Purchase Price per Option: $_____ Date Purchased:___/___/_____

Claimant(s) were short the following Adelphia Put options as of the close of business on June 10, 2002 (specify description and strike price):

_____

_____

_____

You are urged to make and retain a copy of the Proof of Claim and Release and all documents that you submit.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED BY PREPAID FIRST CLASS MAIL POSTMARKED NO LATER THAN _____, 20__ OR BE OTHERWISE RECEIVED BY THAT DATE BY:**

ADELPHIA CLAIMS
c/o Valley Forge Administrative Services
P.O. Box 220
Villanova, PA 19085-0220

For more information:

Toll Free: 877-965-3300
Fax: 610-520-0854
Email:  info@vfas.net
www.adelphiasettlement.com

For overnight delivery:

ADELPHIA CLAIMS
c/o Valley Forge Administrative Services.
One Aldwyn Center, Third Floor
Villanova, PA 19085

ADELPHIA CLAIMS

c/o Valley Forge Administrative Services

P.O. Box 220

Villanova, PA 19085-0220

JOHN DOE
123 EVERGREEN TERRACE
SPRINGFIELD, USA  123456

# FIRST-CLASS MAIL

**IMPORTANT LEGAL NOTICE**

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
**THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**
1. **If you already filed a proof of claim and release in connection with a previous settlement in this consolidated class action and your claim was not rejected, you do not have to file another claim form.  The trading information you already provided in your prior claim form will be used to determine your claim in this Settlement with Buchanan.  If you need further information, please call the Claims Administrator at (877) 965-3300.**
2. Please sign the release and declaration on page 2.
3. Remember to attach supporting documentation.
4. Do not send original or copies of stock certificates.
5. Keep a copy of your claim form for your records.
6. If you desire an acknowledgement of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send us your new address
8. You only need to return Pages 1, 2, and others relevant to the securities you are claiming